IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARUN M. WILLIAMS,
an individual,

       Plaintiff,

v.                                         No. 2:24-cv-1079 JB/DLM

EASTERN NEW MEXICO
UNIVERSITY-ROSWELL,

       Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Plaintiff Harun M. Williams worked for Defendant Eastern New Mexico University – Roswell (ENMU). Williams, who is African American, Muslim, over 50 years of age, and suffers from bipolar disorder, alleges that he was subject to discrimination and termination on the basis of his race, religion, age, and disability. ENMU moves to dismiss, and Williams failed to file a response. Having considered ENMU's arguments, the record, and the relevant law, I recommend[1] the Court **GRANT** ENMU's motion and **DISMISS** this lawsuit.

## I.    Relevant Background

Williams, an African American, Muslim male, is over 50 years old and suffers from bipolar disorder. (Doc. 1-A ¶¶ 6–9.) ENMU is a public institution in Roswell, New Mexico that employed Williams. (*See id.* ¶¶ 3, 10.) Williams alleges that ENMU placed him "on behavior performance reviews due to disagreements over the treatment of colleagues and [Williams's] teaching strategies, despite a consistent history of positive evaluations." (*Id.* ¶ 10.) He alleges that ENMU

---

[1] United States District Judge James Browning entered an Order of Reference on November 25, 2024, referring the case to the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 9.)

"flagged" a speech on the basis of "content" that he gave at a Martin Luther King, Jr. Day event.[2] (*Id.* ¶ 13.) ENMU allegedly "issued a criminal trespass notice without any prior incidents" to Williams. (*Id.* ¶ 12.) Finally, Williams states that ENMU terminated his employment, citing "conflicting reasons . . . , including a joke made during a bus trip that did not represent the university." (*Id.* ¶ 11.)

On September 20, 2024, Williams filed a Complaint for Discrimination in the Fifth District Court, Chaves County, State of New Mexico. (*See id.* at 1.) He brings claims for discrimination on the basis of age, race, disability, and religion under the Age Discrimination in Employment Act (ADEA), Title VII, the Americans with Disabilities Act (ADA), and the New Mexico Human Rights Act (NMHRA). (*See id.*) On October 24, 2024, ENMU removed the lawsuit to this Court under the Court's federal question jurisdiction. (Doc. 1 at 1.) On October 31, 2024, ENMU moved to dismiss. (Doc. 5.) Williams has not filed a response, and the motion is now ready for decision.[3] (*See* Doc. 10.)

## II.    Legal Standards

### A.    Rule 12(b)(6) Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v.*

---

[2] Williams further asserts that this conduct "suggests discrimination based on race and an infringement of his First Amendment right to freedom of speech." (Doc. 1-A ¶ 13.) This is a legal conclusion, and the Court need not accept it as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (quotation omitted). Williams did not list a violation of his First Amendment rights as a separate count in his Complaint (*see* Doc. 1-A), nor did ENMU argue that any such claim should be dismissed (*see* Doc. 5). Regardless, Williams has not alleged facts sufficient to withstand a motion to dismiss a First Amendment claim. *See, e.g.*, *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1132 (10th Cir. 2024) (outlining the elements necessary to bring a "free speech retaliation" claim under the First Amendment).

[3] Under this district's Local Rules, Williams's failure to file a response brief "constitutes consent to grant the motion." *See* D.N.M. LR-Civ. 7.1(b). I do not, however, recommend granting the Motion to Dismiss based on procedural default alone. *See, e.g.*, *Est. of Anderson v. Denny's Inc.*, 291 F.R.D. 622, 633 (D.N.M. 2013).

*Williams Cos.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). The Court will "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quotation omitted).

      **B.**    **Pro Se Litigant Standard**

      Williams's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

**III.**    **Williams's complaint is subject to dismissal.**

      **A.**    **Williams fails to allege that he exhausted available administrative remedies.**

      ENMU contends that the Court should dismiss Williams's Complaint on the basis that he fails to allege facts to show that he exhausted his administrative remedies. (Doc. 5 at 2–3.) I agree with ENMU. Williams must comply with certain administrative grievance procedures before bringing suit under the ADEA, Title VII, the ADA, or the NMHRA. *See Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1110 (D.N.M. 2011) (finding that plaintiffs must exhaust administrative remedies before bringing Title VII or NMHRA claims); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("hold[ing] that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA") (citation omitted); *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002) (same: ADA).

Williams alleges no facts regarding exhaustion in his Complaint. (*See* Doc. 1-A.) On this basis alone, I recommend the Court grant ENMU's motion and dismiss this lawsuit. Even if he had adequately established exhaustion, however, he fails to state claims under Rule 12(b)(6). I will analyze each claim below.

### B.    Williams fails to state a claim for age discrimination.

Williams summarily states that ENMU "discriminated against him based on his age in violation of the ADEA and the [NMHRA]." (Doc. 1-A ¶ 14.) He includes no other allegations specifically related to age discrimination. (*See generally* Doc. 1-A.) To state a claim under the ADEA, Williams must demonstrate that he was "(1) within the protected class of individuals 40 or older; (2) performing satisfactory work; (3) terminated from employment; and (4) replaced by a younger person, although not necessarily one less than 40 years of age." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1056 (10th Cir. 2020) (quotation omitted); *see also DeLopez v. Bernalillo Pub. Schs.*, 558 F. Supp. 3d 1129, 1144 (D.N.M. 2021), *rev'd in part on other grounds*, No. 21-2119, 2022 WL 17844509 (10th Cir. 2022) (noting the same factors will "establish [a] prima facie case of age discrimination under NMHRA) (citing *Cates v. Regents of N.M. Inst. of Min. & Tech.*, 954 P.2d 65, 71 (N.M. 1998)).

Williams fails to allege facts to show that he was replaced by a younger person. (*See* Doc. 1-A.) Accordingly, his claim for age discrimination under the ADEA and the NMHRA fails.

### C.    Wiliams fails to state a claim for discrimination based on his disability.

Williams alleges that he is bipolar and that ENMU "discriminated against him based on his disability . . . ." (*See* Doc. 1-A ¶¶ 8, 16.) "[T]o state a prima facie ADA claim, a plaintiff must demonstrate that he '(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired;

and (3) suffered discrimination by an employer or prospective employer because of that disability.'" *Blough v. Rural Elec. Coop, Inc.*, 689 F. App'x 583, 587–88 (10th Cir. 2017) (quoting *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017)); *see also Duffee v. T-Mobile USA Inc.*, No. 1:23-CV-0536 MIS/LF, 2023 WL 6391376, at *3 n.5 (D.N.M. Oct. 2, 2023), *appeal dismissed*, No. 23-2176, 2024 WL 1885567 (10th Cir. Jan. 5, 2024) (noting that if a "[p]laintiff fails to plausibly allege . . . discrimination . . . under the ADA," then the similar NMHRA claim also fails) (citation omitted).

ENMU argues that the claim fails for multiple reasons. First, ENMU contends that Williams must do more than list his diagnosis to show he is disabled under the ADA. (*See* Doc. 5 at 5.) Rather, he must "show[] that he suffers from an[y] ongoing mental-health impairment that has interfered with his major life activities." (*Id.* (quoting *Lopez v. Compa Indus., Inc.*, No. 24-2041, 2024 WL 3518015, at *3 (10th Cir. July 24, 2024)).) ENMU is correct. Williams's bare allegation that he "suffers from bipolar disorder" is insufficient to show that he has substantial limitations in his ability to perform any major life activities, and, consequently, "that he is disabled within the meaning of the ADA." *See Lopez*, 2024 WL 3518015, at *3; *see also Poulsen v. Humana Ins. Co.*, No. 14-2477 JAR-KGS, 2016 WL 1030038, at *9 (D. Kan. Mar. 10, 2016), *aff'd*, 675 F. App'x 811 (10th Cir. 2017) (noting that a plaintiff with bipolar disorder "must show that [he] is substantially limited in [his] ability to perform the major life activity 'as compared to most people in the general population'") (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

ENMU also argues that Williams fails to adequately allege "that he suffered an adverse employment action *because of* his disability." (Doc. 5 at 5.) I agree. Williams does not specifically allege that ENMU took any action against him based on his disability. (*See* Doc. 1-A.) Because Williams fails to show that he is disabled under the ADA or that ENMU discriminated against him

based on his disability, Williams fails to state a disability discrimination claim under the ADA or the NMHRA.

**D.    Williams fails to state a claim for discrimination based on his race or religion.**

Williams alleges that ENMU flagged a speech that he made at a Martin Luther King, Jr. Day event "for content, which suggests discrimination based on race . . . ." (Doc. 1-A ¶ 13.) He also alleges more generally that ENMU discriminated against him based on his religion. (*Id.* ¶ 17.) Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, [or] religion . . . ." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015) (quoting 42 U.S.C. § 2000e-2(a)(1)). Williams may prevail on a race or religious discrimination claim "through either direct or indirect evidence." *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (citation omitted). "If there is no direct evidence of discrimination, the *McDonnell Douglas* . . . burden-shifting framework is used to indirectly prove intentional discrimination." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Here, Williams offers no direct evidence of discrimination.

Under the *McDonnell Douglas* three-step analysis, a plaintiff must "first prove a prima facie case of discrimination." *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1137 (10th Cir. 2024) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012)). To make out a prima facie case of race or religious discrimination, Williams "must establish that (1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he was] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class." *Khalik*, 671 F.3d at 1192 (citation omitted). If Williams can make out a prima

facie case of discrimination, the burden shifts to ENMU "to produce a legitimate, non-discriminatory reason for the adverse employment action." *See id.* (citation omitted).

ENMU contends that Williams fails "to plead any facts showing that others outside of his protected classes were treated more favorably than he was." (Doc. 5 at 6.) In *Khalik*, for example, the Tenth Circuit found that where the plaintiff alleged facts to show that she was Muslim, she made complaints of discrimination, and she was terminated, she failed to make out a prima facie case of religious discrimination because "[t]here [were] no allegations of similarly situated employees who were treated differently." *Khalik*, 671 F.3d at 1193–94. Here, Williams offers no facts to show that other employees were treated differently. (*See* Doc. 1-A.) His Title VII claims for discrimination based on race and religion, therefore, fail. And because Williams's "burden under the NMHRA is identical to [his] burden under Title VII," his discrimination claims brought under the NMHRA also fail. *See Orr*, 417 F.3d at 1149 n.5; *see also Lobato v. N.M. Env't Dep't*, 733 F.3d 1283, 1297 (10th Cir. 2013) (concluding that because the plaintiff "has no Title VII claim," he also "has no NMHRA claim").

## VI.    Conclusion

Williams fails to allege facts to demonstrate that he exhausted his claims prior to filing suit, and I recommend the Court dismiss the lawsuit on this basis. Alternatively, Williams fails to allege facts to adequately state claims for discrimination under the ADEA, the ADA, Title VII, or the NMHRA, and I recommend the Court dismiss the lawsuit under Rule 12(b)(6).

**IT IS HEREBY RECOMMENDED** that the Court **GRANT** ENMU's Motion to Dismiss (Doc. 5) and **DISMISS** this lawsuit.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk

of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE